**KING SEELEY THERMOS COMPANY, Plaintiff,**

v.

**ERNESTO F. RODRIGUEZ, INC., Defendant.**

**Civ. No. 790-67.**

United States District Court,
D. Puerto Rico.

May 16, 1974.

Roberto J. Matos, Hato Rey, P. R., for plaintiff.

Ernesto F. Rodriguez Suris, San Juan, P. R., for defendant.

## OPINION AND PARTIAL JUDGMENT

TOLEDO, Chief Judge.

The Court has before it plaintiff's motion to vacate this Court's Order dated December 30, 1970 and dismiss defendant's amended counterclaim dated January 12, 1972. The Order of December 30, 1970, vacated a previous Order of this Court dismissing defendant's original counterclaim. A hearing on said motion was held on March 18, 1974 and testimonial and documentary evidence was presented by both parties.

The Court being advised in the premises, arrives at the following:

## FINDINGS OF FACT

1. The defendant, Ernesto F. Rodríguez, Inc., was the exclusive representative of plaintiff, King Seeley Thermos Co.'s thermos bottles in Puerto Rico and the Virgin Islands for plaintiff from June 1, 1962 until December 20, 1968.

2. The original distributorship agreement of June 1, 1962, called for defendant to act as commissions agent taking orders subject to credit approval by the factory. This agreement was amended on August 20, 1963, in that defendant would have a stock of merchandise in its warehouse.

3. On April 21, 1967, the relationship between the parties was modified by letter in that defendant would no longer warehouse products but again book orders for direct shipment.

4. The internal procedure used by plaintiff in entering into new contracts is that the executive involved confers with his superiors relative to the new contract which is then submitted to its legal department which studies and revises it, if necessary, after which it is signed by all parties. This procedure was not used in the 1967 amendment in that the letter which was signed by only Mr. Robert C. Slyder for the plaintiff, was not discussed by him with his superiors, was not submitted to plaintiff's legal department, and was not signed by defendant.

5. At the time he signed the April 21, 1967 letter, Mr. Slyder neither intended to extinguish the existing agreement nor expressed said intention in said letter.

6. The modification of the existing relationship, i. e. booking all orders for direct shipment, is not incompatible with the existing contractual relationship which dated back to 1962 as modified in 1963.

Based on the findings of fact set forth above, the Court makes the following:

## CONCLUSIONS OF LAW

1. "In order than an obligation may be extinguished by another which substitutes it, it is necessary that it should be so expressly declared, or that the old and new be incompatible in all points." Title 31, Laws of Puerto Rico Annotated, Section 3242.

 2. Novation is never presumed, but is always a question of intention and the intention to extinguish the old obligation and to substitute it with the new must be expressly declared. This general principle of law is discussed in detail by the Supreme Court of Puerto Rico in Warner Lambert Co. v. Tribunal Superior, Number 72–106. This is the law in Puerto Rico which now binds both the Insular and Federal Courts herein, under the *Erie doctrine*. The *Warner Lambert* decision is both explicative and determinative of the application of Act No. 75 of 1964 to manufacturer-distributor relationships in Puerto Rico. Said decision leaves no doubt that Act No. 75 is only applicable to manufacturer-distributor relationships entered into after Act. No. 75 was passed, be it by initial contract or novation. In the case at bar, the commercial relationship between the parties dates back to 1962. There is no express declaration of the extinction of the old relationship by a different relationship after the passage of Act No. 75 of 1964. Moreover, the only basis for alleging a substitution of a new contract for the old is a letter which by no means makes the old and the new relationship incompatible on all points. The *Warner Lambert* doctrine makes it clear that even the modification of one of the principal conditions of the contract does not necessarily constitute an extinguishing novation. It must be remembered that the *Warner Lambert* case dealt with the more basic change of remuneration and the Supreme Court of Puerto Rico found no incompatibility. Therefore, inasmuch as the intention to extinguish the old contract is not present in the present case even if we assume stopping defendant's warehousing to be a modification of a principal condition of the existing relationship, there is no novation present here.

Based on the findings of fact and conclusions of law set forth above, the Court renders partial judgment and dismisses defendant's amended counterclaim.

It is so ordered.